
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3961 | **DATE** | 11/21/2001 |
| **CASE TITLE** | Harvey vs. Block, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] This matter is before the court for consideration of defendants' motion to dismiss the complaint for failure to state a claim. Plaintiff has failed to file a response to the motion, despite the court's *sua sponte* granting him an extension of time to do so. The defendants' motion to dismiss is granted. This case is dismissed in its entirety. Any pending motions are denied as moot. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | 4 number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 21 2001 date docketed | 12 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11/21/2001 date mailed notice | |
| rs | courtroom deputy's initials | 01 NOV 21 PM 2:32 Date/time received in central Clerk's Office | rs mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **Dominick Harvey,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 01 C 3961 |
| | ) | |
| **Warden Charles Block, et al.,** | ) | |
| | ) | |
| Defendants. | ) | Judge Blanche M. Manning |

*DOCKETED NOV 21 2001*

## MEMORANDUM AND ORDER

Plaintiff Dominick Harvey is currently an inmate at DuPage County Jail, and formerly was an inmate at the Will County Adult Detention Center ("Will County"). He brought this *pro se* civil rights action pursuant to 42 U.S.C. §1983, claiming that the defendants, the warden and the director of food service at Will County, violated his constitutional rights by serving him outdated food, denying him access to the courts, and forcing him to wear institutional issued underwear. This matter is before the court for consideration of defendants' motion to dismiss the complaint for failure to state a claim. Plaintiff has failed to file a response to the motion, despite the court's *sua sponte* granting him an extension of time to do so. As the court stated in that order, it will now rule without benefit of Plaintiff's views. For the reasons stated herein, the motion is granted.

## STANDARD OF REVIEW

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor; a complaint shall only be dismissed if it is beyond doubt that the plaintiff can prove no facts which would entitle him to relief. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 972

14

(7th Cir. 1995). Furthermore, when confronted with a *pro se* complaint, the court must employ a more liberal standard of review than would be used where an attorney prepared the complaint. *Haines v. Kerner*, 404 U.S. 519 (1972); *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995). Despite this liberal review of pleadings, federal rules still require that the complaint allege facts which would provide an adequate basis for each claim. *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988). On a motion to dismiss, a plaintiff's well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Units*, 507 U.S. 163 (1993); *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir.1992). Additionally, as long as they are consistent with the allegations of the complaint, a party may assert additional facts in his or her response to a motion to dismiss. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1428 (7th Cir.1996); *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 439-40 (7th Cir.1994). Furthermore, the court can take judicial notice of matters of public record without converting a motion to dismiss into one for summary judgment. *Henson v. CSC Credit Services*, 29 F. 3d 280, 284 (7th Cir. 1984).

## FACTS

Initially, it is clear from the Plaintiff's submissions to this court (and not using the affidavit supplied by defendants, attached to their motion to dismiss) that the Plaintiff is no longer incarcerated in Will County, and has moved about quite a bit since this case was filed. The most recent change of address shows Plaintiff at the DuPage County Jail. Therefore, his claims as to Will County are now moot. However, because Plaintiff's history shows that he

bounces from one jail to another, in the unlikely event that he will return to Will County, the court addresses the merits of the complaint.

## DISCUSSION

Plaintiff had been a pretrial detainee while in the Will County Jail; therefore, his claims regarding the conditions of his confinement are analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. *See Tesch v. County of Green Lake*, 157 F. 3d 465, 473 (7th Cir. 1998), *citing Bell V. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). The standard for determining punishment is similar whether considered in the context of the Due Process Clause or the Eighth Amendment. *Salazar v. City of Chicago*, 940 F.2d 233, 239-240 (7th Cir. 1991). The Due Process Clause of the Fourteenth Amendment prohibits the state from inflicting "punishment" on pretrial detainees. *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir.1991) (*citing Bell v. Wolfish*, 441 U.S. 520, 536(1979)). Although the source of protection for pretrial detainees is the Due Process Clause, the protection is at least as extensive as that provided for convicted prisoners by the Cruel and Unusual Punishment Clause of the Eighth Amendment. *Salazar v. City of Chicago*, 940 F.2d 233, 239-40 (7th Cir.1991).

Accordingly, a pretrial detainee claiming that prison officials inflicted unconstitutional punishment typically must allege both a subjective component--the jail officials acted with the requisite state of mind--and an objective component--the alleged punishment was sufficiently serious. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). This state of mind requires that the official " 'consciously disregar[d]' a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (quoting Model Penal Code § 2.02(2)(c) (1985)). *Stone-El v. Sheahan*, 914 F.Supp. 202, 205-06 (N.D. Il. 1995).

3

**(1)   Outdated Food**

Plaintiff complains that the food at Will County was served past the "use by" date on the packaging. Specifically, he complains that what the court assumes was packaged frozen fish dated to be used by January 26, 2001, was served in April, 2001. Also, powdered milk was out of date (Plaintiff gives no specifics.). And the bread and cake, delivered in large "garbage" bags[1], were out of date (again no specifics.) Further, Plaintiff seems to be complaining that inmates in the juvenile division get donated bread, cake and coffee cake, whereas the adults do not. He does not state whether any food that he ate was spoiled or that he was made sick by any of these outdated foods. Instead, Plaintiff alleges that he has had stomach problems, specifically diarrhea. He does not state that the out of date food caused his diarrhea, or even that he ate any of the food described in his complaint, or how long his illness lasted. Plaintiff was employed in the kitchen and could conceivably simply be reporting what he saw, not what he ate. However, reading the complaint in the light most favorable to the Plaintiff, the court will assume that at some point Plaintiff himself ate at least some of the "outdated" food.

Defendants state, without any case authority, that serving food that is past the "use by" date does not state a constitutional claim, and that in any case because there have been no appellate decisions on this specific point, therefore defendants enjoy qualified immunity on this claim. Defendants do not enjoy qualified immunity regarding food service, as the law regarding jail food has been clearly established for some time. However, the court need not belabor the point, as Plaintiff has failed to state a constitutional violation regarding food service at Will

---

[1] The court assumes that the bread and cake bags were large bulk delivery bags, as Plaintiff makes no allegation that the items were in fact, garbage.

4

County. For jail food to be adequate, all that is required is "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). A well balanced diet, containing sufficient nutritional value to preserve health is all that is constitutionally required. *Lunsford v. Bennett*, 17 F. 3d 1574, 1580 (7th Cir. 1994). It does not appear from Plaintiff's allegations that the food was nutritionally inadequate, nor does it appear from his allegations that this food presented an immediate danger to his health. Plaintiff has failed to state that the food was spoiled. Defendants are correct to point out that the "used by" date, especially for frozen or dried foods, as opposed to fresh foods, does not mean anything. It is not an allegation that the food is spoiled.

Without these allegations, plaintiffs' claims have "nothing to distinguish it from incidents of negligence which can occur even at certain restaurants in downtown Chicago." *Summers v. Sheahan*, 883 F.Supp. 1163, 1170 (N.D.Ill.1995). Even if he had alleged that the food was spoiled, occasional service of spoiled food does not rise to the level of a constitutional violation. *Antonelli v. Sheahan*, 863 F.Supp. 756, 762 (N.D.Ill.1994). Therefore, the court finds that the service of food from packaging with outdated "use by" dates, cannot be said, without more, to deprive him of basic nutritional needs and does not amount to a constitutional violation.

Furthermore, in order to state a claim for relief for any conditions in a jail, a prison official may be found liable for deliberate indifference if he knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). " '[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' " *Id.*. In order to state a valid claim under the

Fourteenth Amendment, plaintiff would need to allege that spoiled food was routinely served, and that plaintiffs complained about this situation to defendant, who did nothing about it. His failure to allege such facts means that he has failed to state a claim for relief regarding food service.

(2) **Jail Issued Underwear**

Plaintiff asserts that he should not have to wear jail issued clothing, particularly the underwear. He does not state that the clothing is not washed, but rather that it shows stains from prior use. Because neither component of a constitutional conditions claim, discussed *supra* at pp. 3-4, is present here, the conditions of which plaintiff complains are not so unreasonable as to violate due process, and plaintiff has failed to allege injury, this claim must be dismissed.

Pretrial conditions of imprisonment "do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'" *Bell v. Wolfish,* 441 U.S.520,542(1979). Here, defendants provided plaintiff with clean clothing. The supply of these items may not have been as plaintiff desired, and it is unfortunate that some of the jail-issued underwear was not pristine. Nevertheless, plaintiff cannot complain that he was deprived of basic necessities. It also follows that defendants did not have the requisite intent required to be deliberately indifferent to plaintiff's sanitary needs.

Plaintiff not only fails to allege a constitutional violation, he also fails to allege any injury from wearing jail issued clothing. The Prison Litigation Reform Act requires an inmate to show some physical injury in order to recover for damages. *See* 42 U.S.C.§1997e(e); *Zehner v. Trigg,* 133 F. 3d 459, 461 (7th Cir. 1997). Because plaintiff does not claim any injury, his claim must also fail.

6

### (3) Access to the Courts

Finally, Plaintiff alleges that he is unable to use the computer available in the library, and has asked to go to the paper library but has been unsuccessful. He fails to allege that he has any case pending, that he has been harmed in any legal action as a result of not going to the library, or indeed any indication of why he needed to use the library in the first place. Only deliberate, not negligent, actions resulting in denial of access to the courts are actionable. *Harrel v. Cook*, 169 F. 3d 428, 431-32 (7th Cir. 1999). Plaintiff must show that he suffered a concrete injury from the denial of access to the court in order to maintain a claim for denial of access. *Nance v. Vieregge*, 147 F. 3d 589, 591 (1998). He must show that unjustified acts or conditions hindered his efforts to pursue a non-frivolous legal claim. *Lewis v. Casey*, 518 U.S. 343 (1996). Plaintiff's claim that he was only given access to the computer library and not the "paper" library, without more, fails to state a claim for lack of access to the court.

### (4) Supervisory Liability

Defendant Warden Block and Defendant Underwood assert that in any case, each has no personal involvement with any of plaintiff's claims and should be dismissed from the case on that basis. Plaintiff claims only that Warden Block is the "overseer" of the institution and Underwood is the "overseer" of the kitchen. He does not claim that either had personal knowledge of the service of "outdated" food, nor that either intended to serve such food to the detainees. Further, he fails even to connect either defendant to the allegations regarding the law library and the jail issued clothing. An individual cannot be held liable in a §1983 action unless he caused or participated in the alleged constitutional deprivation. *Vance v. Peters*, 97 F. 3d 987, 991 (7th Cir. 1996); . *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994); *Rascon v. Hardiman*, 803

7

F. 2d 273(7th Cir. 1986)(citing *Wolf-Lillie v. Sonquist,* 699 F. 2d 864, 869 (7th Cir. 1983). Supervisors and others in authority cannot be held liable for any alleged wrongdoing on the part of subordinates pursuant to the doctrine of respondeat superior because that doctrine does not apply in §1983 actions. *Pacelli v. DeVito,* 972 F.2d 871, 877 (7th Cir. 1992). *See Jones v. City of Chicago,* 856 F. 2d 985, 992 (7th Cir. 1988). And the supervisory liability does not attach in any case, when there is no constitutional violation. Thus, there is no supervisory liability stated in Plaintiff's complaint against either defendant.

## CONCLUSION

For the above reasons, the defendants' motion to dismiss is granted. This case is dismissed in its entirety. Any pending motions are denied as moot.

ENTER:

Blanche M. Manning
UNITED STATES DISTRICT COURT

DATED: NOV 21 2001

8